IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CELLTRACE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:09cv371 |
| | § | |
| METROPCS COMMUNICATIONS, INC.; | § | **JURY TRIAL DEMANDED** |
| and METROPCS WIRELESS, INC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff CELLTRACE LLC files this Original Complaint against the above-named Defendants, alleging as follows:

## I. THE PARTIES

1. Plaintiff CELLTRACE LLC ("Celltrace") is a limited liability company organized and existing under the laws of the State of Texas with principal places of business located in Newport Beach, California and Frisco, Texas.

2. Defendant METROPCS COMMUNICATIONS, INC. is a Delaware corporation with its principal place of business at 2250 Lakeside Boulevard, Richardson, Texas 75082. Defendant MetroPCS Communications, Inc. can be served with process through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3. Defendant METROPCS WIRELESS, INC. is a Delaware corporation with its principal place of business at 2250 Lakeside Boulevard, Richardson, Texas 75082. MetroPCS Wireless, Inc. can be served with process through its registered agent, Corporation Services Company, 701 Brazos, Suite 1050, Austin, Texas 78701. MetroPCS Wireless, Inc. is a subsidiary of Defendant MetroPCS Communications, Inc. Defendants MetroPCS

Communications, Inc. and MetroPCS Wireless, Inc. are referred to collectively herein as "MetroPCS."

## II. JURISDICTION AND VENUE

4. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §1331 and §1338(a).

5. The Court has personal jurisdiction over each Defendant, and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b). Each Defendant has substantial contacts with the forum as a result of pervasive business activities conducted within the State of Texas and within this District, including but not limited to: (i) the operation of cellular telephone networks; (ii) the marketing, sale and distribution of cellular telephones; (iii) the marketing and sale of services for cellular telephone communications; and (iv) the ownership and operation of stores where Defendants sell their respective products and services.

6. Each Defendant has committed and continues to commit acts of patent infringement, directly and/or through agents and intermediaries, by making, using, selling offering for sale and/or leasing certain infringing products, services, and systems in Texas and, particularly, the Eastern District of Texas. Specifically, each Defendant owns (directly and/or through intermediaries) an infringing cellular telephone network in this District and operates it in an infringing manner. Each Defendant (directly and/or through intermediaries) sells and/or offers for sale cellular telephones and cellular telephone services for communicating with Defendant's cellular network.

## III. PATENT INFRINGEMENT

7. On June 23, 2009, United States Patent No. 7,551,933 ("the '933 patent") was duly and legally issued for a "Telecommunications System." A true and correct copy of the '933

patent is attached hereto as Exhibit "A." By virtue of assignment, Celltrace owns all rights, title, and interest in and to the '933 patent and possesses all rights of recovery under it, including the right to prosecute this action and to collect damages for all relevant times.

8.  As it pertains to this lawsuit, the '933 patent is infringed by Defendants' ownership, operation, use and provision of cellular networks for communicating with cellular telephones in an infringing manner.

## COUNT I – INFRINGEMENT OF THE '933 PATENT

9.  Plaintiff incorporates each of the allegations in paragraphs 1 though 8 as if fully set forth herein.

10. Upon information and belief, each Defendant has infringed and is continuing to infringe, contribute to the infringement of, and/or induce the infringement of, one or more of the claims of the '933 patent (including, at least, claim 17) without Plaintiff's consent or authorization. Such acts of infringement include, but are not limited to, each Defendant's ownership, operation, use and provision of cellular networks for communicating with cellular telephones via messaging in an infringing manner.

11. Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## IV. JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V. **PRAYER FOR RELIEF**

Plaintiff requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a.  Judgment that one or more claims of United States Patent No. 7,551,933 have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

b.  Judgment that Defendants account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

c.  That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

d.  That this Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

e.  That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:  August 19, 2009.**                                    Respectfully submitted,

*/s/ Johnny Ward*

Brent N. Bumgardner
Attorney-in-Charge
Texas State Bar No. 00795272
Edward R. Nelson, III
Texas State Bar No. 00797142
Barry J. Bumgardner
Texas State Bar No. 00793424
Christie B. Lindsey
Texas State Bar No. 24041918
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
(817) 377-3485 (fax)
bbumgardner@nbclaw.net
enelson@nbclaw.net
barry@nbclaw.net

4

clindsey@nbclaw.net
bbumgardner@nbclaw.net
enelson@nbclaw.net
bbumgardner@nbclaw.net
clindsey@nbclaw.net

Leslie D. Ware
State Bar No. 00785179
lware@thewarefirm.com
Donald Puckett
State Bar No. 24013358
dpuckett@thewarefirm.com
Mark W. Born
State Bar No. 24034334
mborn@thewarefirm.com
THE WARE FIRM
2101 Cedar Springs Road, Suite 1900
Dallas, Texas 75201
(214) 744-5000
(214) 744-5013 (fax)

T. John Ward, Jr.
Texas State Bar No. 00794818
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas  75601
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFF
CELLTRACE LLC**