**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

CELLTRACE LLC,

       Plaintiff,

    v.

METROPCS COMMUNICATIONS, INC. and
METROPCS WIRELESS, INC.,

       Defendants.

Civil Action No. 6:09-cv-371-LED

**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION TO STRIKE AND FOR A MORE DEFINITE STATEMENT**

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................................................1

II.  FACTUAL BACKGROUND..............................................................................................2

III. ARGUMENT.......................................................................................................................4

    A.   A Complaint Must Contain Sufficient Factual Allegations To Show That The Plaintiff Is Plausibly Entitled To Relief.............................................................4

    B.   Plaintiff's Complaint Does Not Contain Sufficient Factual Allegations To Plausibly Show Entitlement To Relief For Direct Infringement. ...........................6

        1.   Direct Infringement Requires That A Defendant Make, Use, Sell, Offer For Sale, Or Import The Entire Accused Instrumentality. ......................................................................................6

        2.   The Complaint Fails To Allege Facts That, If Proven, Would Show That Either Defendant Committed The Entire Act Of Direct Infringement.........................................................................7

    C.   Plaintiff's Complaint Does Not Contain Sufficient Factual Allegations To Plausibly Show Entitlement To Relief For Indirect Infringement.........................10

        1.   Indirect Infringement Requires:  (1) That A Single Party Commits The Entire Act Of Direct Infringement; And (2) That A Defendant Induces Or Contributes To The Infringement With The Requisite State Of Mind. ....................................10

        2.   The Complaint Fails To Allege Facts That, If Proven, Would Show Direct Infringement By Any Third Party Or That Either Defendant Had The Requisite State Of Mind For An Indirect Infringement Claim. ..........................................................12

    D.   To The Extent That The Court Does Not Dismiss Plaintiff's Complaint In Its Entirety, The Court Should Strike Plaintiff's Legally Flawed Assertions Of Infringement And Order A More Definite Statement....................................14

IV.  CONCLUSION..................................................................................................................15

## TABLE OF AUTHORITIES

**Page**

**Cases**

*ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307 (Fed. Cir. 2007) .............................. 11

*Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, No. C-09-1360 MMC,
   2009 WL 1974602 (N.D. Cal. July 8, 2009)................................................................. 12

*Anticancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278 (S.D. Cal. 2007).......................................... 14

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ............................................................... passim

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................... passim

*BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007) ................................. passim

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293 (Fed.
   Cir. 2005) ..................................................................................................... 7

*Cuvillier v. Taylor*, 503 F.3d 397 (5th Cir. 2007).................................................... 4, 5

*DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006)..................................... 11

*Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263 (Fed. Cir. 2004)................. 11, 13

*EpicRealm Licensing, LP v. Franklin Covey Co.*, --- F. Supp. 2d ----, No. 5:07-cv-
   126, 2008 WL 4965943 (E.D. Tex. Nov. 17, 2008) .................................................. 9

*Friday Group v. Ticketmaster,* No. 4:08CV01203 JCH, 2008 WL 5233078 (E.D.
   Mo. Dec. 12, 2008) ........................................................................................ 8

*Golden Hour Data Sys., Inc. v. emsCharts, Inc.*, No. 2:06-cv-381, 2009 WL
   943273 (E.D. Tex. Apr. 3, 2009) ...................................................................... 7, 8

*Novartis Pharms. Corp. v. Eon Labs Mfg., Inc.*, 363 F.3d 1306 (Fed. Cir. 2004)........................ 10

*Ondeo Nalco Co. v. EKA Chems., Inc.*, No. Civ.A.01-537-SLR, 2002 WL
   1458853 (D. Del. June 10, 2002)........................................................................ 12

*Pfizer, Inc. v. Gelfand*, No. 08 Civ. 2018(LAK), 2008 WL 2736019 (S.D.N.Y.
   July 9, 2008).............................................................................................. 10, 13

*Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246 (Fed. Cir. 2000)........................................ 6

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002)..................................................... 14

*Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348 (Fed. Cir. 2003)...................................... 11

ii

## Statutes

35 U.S.C. § 271(a) ................................................................................................ 3, 6, 7, 15

35 U.S.C. § 271(b) ................................................................................................ 3, 10, 12

35 U.S.C. § 271(c) ................................................................................................ passim

## Rules

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1, 4, 15

Fed. R. Civ. P. 12(e) ............................................................................................. 1, 4, 15

Fed. R. Civ. P. 12(f) .............................................................................................. 1, 4, 14, 15

Fed. R. Civ. P. 8 .................................................................................................... 1, 4

Defendants MetroPCS Communications, Inc. and MetroPCS Wireless, Inc. (collectively, "MetroPCS") hereby move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted or, in the alternative, to strike Plaintiff's legally flawed assertions of infringement pursuant to Fed. R. Civ. P. 12(f) and for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

## I.      INTRODUCTION

The Supreme Court recently decided two cases setting forth the minimum requirements for pleadings to comply with Rule 8 of the Federal Rules of Civil Procedure. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). Specifically, the Court held that a complaint *must* include factual allegations—not merely a formulaic recitation of the elements of a cause of action—that plausibly show that the Plaintiff is entitled to relief. *See Bell Atl.*, 550 U.S. at 545; *Iqbal*, 129 S.Ct. at 1949. The Court explained that "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citations omitted).

Plaintiff's allegations of direct and indirect patent infringement fall far short of complying with this standard. For example, Plaintiff's direct infringement allegation is improperly speculative—the complaint alleges that *either* the Defendants *or* some unidentified "intermediaries" directly infringe the patent-in-suit. Indeed, Plaintiff alleges no facts that would, if proven, impose liability on either Defendant for the acts of these unidentified "intermediaries." Plaintiff also fails to allege facts that, if proven, would demonstrate that either Defendant made, used, sold, offered for sale, or imported the entire accused instrumentality—a necessary predicate for a direct infringement claim. And the deficiencies underlying Plaintiff's indirect infringement allegations are even more apparent because the complaint fails to allege any facts whatsoever concerning several key elements of the claims, such as direct infringement by a third

1

party, and each Defendant's requisite state-of-mind. Plaintiff's direct and indirect infringement

claims should therefor be dismissed, as discussed in more detail below.

## II.      FACTUAL BACKGROUND

Plaintiff filed this action against MetroPCS on August 19, 2009, alleging infringement of

at least claim 17 of U.S. Patent No. 7,551,933 ("the '933 patent"), entitled "Telecommunications

System."[1]     (*See* Compl., Docket No. 1.)     Asserted claim 17 is directed towards a

telecommunications network comprising, among other things:  (i) "a cellular telephone"; and

(ii) "at least one remote station," such as illustrated in Figure 1:



17. A telecommunications network for communicating with a plurality of cellular telephones, comprising:

    a cellular telephone capable of two-way voice communication; and

    at least one remote station which selectively transmits to the cellular telephone a message of a first message type or a second message type, wherein the first message type is formatted to contain text to be displayed on a display of the cellular telephone and the second message type is formatted to contain a command and data associated with the command, wherein the command indicates to the cellular telephone to execute at least one instruction for performing an operation other than to support the displaying of text;

    wherein the cellular telephone distinguishes the message as being of either the first message type or the second message type,

    and, if the message is of the first message type, displaying at least a portion of the text on the display of the cellular telephone,

    and automatically, if the message is of the second message type, executing the at least one instruction;

    wherein the message is wirelessly carried from the remote station to the cellular telephone using a common short message service protocol over a common short message service channel, regardless of whether the message is of the first or the second message type;

    wherein the remote station is configured to transmit messages of the first and the second message types, and the cellular telephone is configured to receive and process messages of the first and the second message types; and

    wherein remotely located information is downloaded to the cellular telephone.

Fig.1.

(Compl. Ex. A (emphasis added).)

---

[1] Plaintiff also filed an earlier case against MetroPCS and other parties in this Court on July 8, 2009, alleging infringement of the same patent, but dismissed its claims against MetroPCS in that case on August 19, 2009, and subsequently filed this action.  *See* E.D. Tx. Civil Action No. 6:09-cv-294-LED.

Plaintiff asserts causes of action for direct infringement pursuant to 35 U.S.C. § 271(a) and indirect infringement (*i.e.*, inducing infringement and contributory infringement) pursuant to 35 U.S.C. §§ 271(b) and (c).  (*See* Compl. ¶¶ 6, 8, 10.)  Specifically, Plaintiff alleges that each Defendant "directly and/or through intermediaries" infringes at least claim 17 based upon the alleged "ownership, operation, use and provision of cellular networks for communicating with cellular telephones in an infringing manner":

> 6.    Each Defendant has committed and continues to commit acts of patent infringement, directly and/or through agents and intermediaries, by making, using, selling offering for sale and/or leasing certain infringing products, services, and systems in Texas and, particularly, the Eastern District of Texas.  Specifically, each Defendant owns (directly and/or through intermediaries) an infringing cellular telephone network in this District and operates it in an infringing manner.  Each Defendant (directly and/or through intermediaries) sells and/or offers for sale cellular telephones and cellular telephone services for communicating with Defendant's cellular network.
>
> \*      \*      \*
>
> 8.    As it pertains to this lawsuit, the '933 patent is infringed by Defendants' ownership, operation, use and provision of cellular networks for communicating with cellular telephones in an infringing manner.
>
> \*      \*      \*
>
> 10.    Upon information and belief, each Defendant has infringed and is continuing to infringe, contribute to the infringement of, and/or induce the infringement of, one or more of the claims of the '933 patent (including, at least, claim 17) without Plaintiff's consent or authorization.  Such acts of infringement include, but are not limited to, each Defendant's ownership, operation, use and provision of cellular networks for communicating with cellular telephones via messaging in an infringing manner.

(Compl. ¶¶ 6, 8, 10.)    The complaint lacks, however, any additional factual allegations concerning the alleged direct infringement, contributory infringement, or inducement of infringement of the '933 patent.  (*See* Compl.)

As discussed below, Plaintiff's sparse factual allegations—even if accepted as true—are legally insufficient to set forth a claim of direct or indirect patent infringement, and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[2]

## III.   ARGUMENT

### A.   A Complaint Must Contain Sufficient Factual Allegations To Show That The Plaintiff Is Plausibly Entitled To Relief.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is "to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'"  *Bell Atl.*, 550 U.S. at 545 (citations omitted).  Thus, while "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' … it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S.Ct. at 1949 (citation omitted).  In that regard, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do….  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (citations omitted).  Therefore, to survive a Rule 12(b)(6) motion to dismiss, a complaint must include "factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl.*, 550 U.S. at 555); *see also Iqbal*, 129 S.Ct. at 1940.

The Supreme Court set forth two principles for evaluating the sufficiency of a complaint in connection with a Rule 12(b)(6) motion to dismiss.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

---

[2]  In the alternative, Plaintiff respectfully requests that the Court strike the immaterial and impertinent allegations concerning infringement pursuant to Fed. R. Civ. P. 12(f) and order Plaintiff to provide a more definite statement of its infringement allegations pursuant to Fed. R. Civ. P. 12(e).

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss…. [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (citations omitted).

In applying these principles, a court may begin by identifying allegations that, "because they are not more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950. Such allegations include "bare assertions" that "amount to nothing more than a 'formulaic recitation of the elements'" of the cause of action:

> We begin our analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth. Respondent pleads that petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.' … These bare assertions, much like the pleading of conspiracy in *Twombly*, amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim…. As such, the allegations are conclusory and not entitled to be assumed true.

*Id*. at 1951. A court may then consider any remaining factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 1949 (citations omitted); *see also Bell Atl.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). In those circumstances, the action should be dismissed. *See, e.g., Cuvillier*, 503 F.3d at 401 ("Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum

expenditure of time and money by the parties and the court.'") (quoting *Bell Atl.*, 550 U.S. at 558); *Iqbal*, 129 S.Ct. at 1954 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").

### B. Plaintiff's Complaint Does Not Contain Sufficient Factual Allegations To Plausibly Show Entitlement To Relief For Direct Infringement.

Plaintiff alleges that each Defendant directly infringes at least claim 17 of the '933 patent.  (Compl. ¶ 10.)  The complaint does not, however, allege sufficient facts to show that Plaintiff is entitled to relief from Defendants, for at least the reasons discussed below.

### 1. Direct Infringement Requires That A Defendant Make, Use, Sell, Offer For Sale, Or Import The Entire Accused Instrumentality.

To establish a direct infringement claim against a Defendant, Plaintiff must establish that the Defendant engaged in one of the activities enumerated by 35 U.S.C. § 271(a), *i.e.*, that the Defendant made, used, offered to sell, and/or sold in the United States, and/or imported into the United States, the patented invention:

> Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

35 U.S.C. § 271(a).  But while "[d]irect infringement is a strict-liability offense, … it is limited to those who practice each and every element of the claimed invention." *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1381 (Fed. Cir. 2007).  The Federal Circuit has thus made clear that "liability for infringement requires a party to make, use, sell, or offer to sell the patented invention, *meaning the entire patented invention*." *Id*. at 1380 (emphasis added).

Accordingly, a person that does not make, use, sell, offer to sell, or import the *entire* patented invention is not a direct infringer and thus could not be liable under 35 U.S.C. § 271(a). *See, e.g., Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1252 n.2 (Fed. Cir. 2000)

6

("[O]ne may not be held liable under § 271(a) for 'making' or 'selling' less than a complete invention."); *BMC Res.*, 498 F.3d at 1380-81.  Similarly, the actions of multiple parties cannot normally be combined to create a direct infringement cause of action.  *See, e.g., Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1311 (Fed. Cir. 2005) (rejecting patentee's effort to combine the acts of surgeons with the acts of the manufacturer to find direct infringement of an apparatus claim).  In that regard, "[c]ourts faced with a divided infringement theory have also generally refused to find liability where one party did not control or direct each step of the patented process." *BMC Res.*, 498 F.3d at 1380.  For example, "[a] contracting party is not vicariously liable for an independent contractor unless that party controls the details of the independent contractor's work to such an extent that the contractor cannot perform the work as he chooses."  *Golden Hour Data Sys., Inc. v. emsCharts, Inc.*, No. 2:06-cv-381, 2009 WL 943273 at *4 (E.D. Tex. Apr. 3, 2009) (citation omitted).

### 2.     The Complaint Fails To Allege Facts That, If Proven, Would Show That Either Defendant Committed The Entire Act Of Direct Infringement.

Plaintiff's factual allegations, even if accepted as true, fail to plausibly show entitlement to relief from either Defendant for direct infringement under 35 U.S.C. § 271(a), for at least two reasons, each of which independently warrants dismissal.

First, the complaint alleges that *either* each Defendant *or* some unidentified "intermediaries" engaged in the allegedly infringing activities:

6.    Each Defendant has committed and continues to commit acts of patent infringement, directly and/or through agents and intermediaries, by making, using, selling offering for sale and/or leasing certain infringing products, services, and systems in Texas and, particularly, the Eastern District of Texas. Specifically, each Defendant owns (directly and/or through intermediaries) an infringing cellular telephone network in this District and operates it in an infringing manner. Each Defendant (directly and/or through intermediaries) sells and/or offers for sale cellular telephones and cellular telephone services for communicating with Defendant's cellular network.

(Compl. ¶ 6 (emphasis added).)  The complaint does not however, identify any of the alleged "intermediaries," nor allege any facts that if proven would show that either Defendant is legally responsible for the actions of such unidentified "intermediaries." *See, e.g., Golden Hour*, 2009 WL 943273 at *4 ("A contracting party is not vicariously liable for an independent contractor unless that party controls the details of the independent contractor's work to such an extent that the contractor cannot perform the work as he chooses.") (citation omitted); *Friday Group v. Ticketmaster,* No. 4:08CV01203 JCH, 2008 WL 5233078 at *3 (E.D. Mo. Dec. 12, 2008) ("Likewise, Plaintiff has not sufficiently alleged facts to support a claim that any of the other defendants would be vicariously liable to the alleged 'mastermind' defendant based upon some contractual, agency or other relationship.").  At best, the alleged facts suggest that *either* Defendants *or* some unidentified intermediaries engaged in the accused activities, and thus do not plausibly show that Plaintiff is entitled to relief against Defendants. *See Iqbal*, 129 S.Ct. at 1950 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (citations omitted).  Plaintiff's direct infringement claim should be dismissed for this reason alone. *See id*. at 1949 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

8

plausibility of 'entitlement to relief.'") (citations omitted); *Bell Atl.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Second, the complaint fails to allege facts that, if proven, show that either Defendant made, used, sold, offered for sale, or imported the *entire* claimed invention. To the contrary, the complaint alleges merely that Defendants' own, operate, use, and provide "cellular networks" and that such networks are "*for communicating with* cellular telephones":

> 8.    As it pertains to this lawsuit, the '933 patent is infringed by Defendants' ownership, operation, use and provision of cellular networks for communicating with cellular telephones in an infringing manner.

(Compl. ¶ 8 (emphasis added).)  Asserted claim 17 of the '933 patent, however, expressly requires "a cellular telephone." (Compl. Ex. A.) Defendants' alleged "ownership, operation, use and provision" of only part of the claimed invention—the cellular network portion—does not constitute direct infringement as a matter of law. *See BMC Res.*, 498 F.3d at 1380 ("[L]iability for infringement requires a party to make, use, sell, or offer to sell the patented invention, meaning *the entire patented invention*.") (emphasis added). Indeed, Plaintiff admits that the "cellular telephones" are owned and operated by customers (Compl. ¶ 6), and Plaintiff cannot establish direct infringement against Defendants for activities involving those customers. *See id.* at 1381 ("[T]his court will not unilaterally restructure the claim or the standards for joint infringement to remedy these ill-conceived claims."). Accordingly, because the complaint fails to allege that either Defendant makes, uses, sells, offers for sale, or imports the *entire* claimed invention, Plaintiff's direct infringement claims should be dismissed for this additional reason. *See EpicRealm Licensing, LP v. Franklin Covey Co.*, --- F. Supp. 2d. ----, No. 5:07-cv-126, 2008 WL 4965943 at *12 (E.D. Tex. Nov. 17, 2008) ("Not only is 'use' required in the context of 'use' direct infringement, but courts also require the alleged infringer to use the allegedly

9

infringing aspects of the *accused system*.")  (emphasis in original); *c.f. Pfizer, Inc. v. Gelfand*, No. 08 Civ. 2018(LAK), 2008 WL 2736019 at *1 (S.D.N.Y. July 9, 2008) ("As there is no allegation that any of the plaintiffs performed or used each and every step of the claimed method, the first claim for relief fails to state a claim upon which relief may be granted.").

### C.    Plaintiff's Complaint Does Not Contain Sufficient Factual Allegations To Plausibly Show Entitlement To Relief For Indirect Infringement.

Plaintiff also alleges that each Defendant indirectly infringes by contributing to the infringement of, and inducing the infringement of, at least claim 17 of the '933 patent. (Compl. ¶ 10.)  The complaint does not, however, allege sufficient facts to show that Plaintiff is entitled to relief from Defendants, for at least the reasons discussed below.

### 1.    Indirect Infringement Requires:  (1) That A Single Party Commits The Entire Act Of Direct Infringement; And (2) That A Defendant Induces Or Contributes To The Infringement With The Requisite State Of Mind.

"When a defendant participates in or encourages infringement but does not directly infringe a patent, the normal recourse under the law is for the court to apply the standards for liability under indirect infringement."  *BMC Res.*, 498 F.3d at 1378.  Indirect infringement claims may include "inducing infringement" pursuant to 35 U.S.C. § 271(b) and/or "contributory infringement" pursuant to 35 U.S.C. § 271(c).

To establish an inducing infringement claim against an accused infringer, Plaintiff must establish that the accused infringer "actively induces infringement of a patent."  35 U.S.C. § 271(b).  However, as a required predicate, Plaintiff must establish that some party committed the entire act of direct infringement.  *See BMC Res.*, 498 F.3d at 1379; *Novartis Pharms. Corp. v. Eon Labs Mfg., Inc.*, 363 F.3d 1306, 1308 (Fed. Cir. 2004).  Additionally, Plaintiff must establish that the Defendant knowingly induced the infringement and possessed specific intent to encourage the infringement.  *See ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307,

10

1312 (Fed. Cir. 2007); *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004).  Accordingly, "[t]he plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements."  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (en banc in relevant part) (citation omitted).  Mere knowledge by the accused infringer is not enough—specific intent and actions to induce infringement must be alleged and proven.  *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1364, 1366 (Fed. Cir. 2003).

To establish a contributory infringement claim against an accused infringer, Plaintiff must establish that the accused infringer offered to sell or sold a component of a patented apparatus that constitutes a material part of the invention, with knowledge that the component is especially made or adapted for use in an infringement, and not a staple article suitable for substantial noninfringing use:

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of an invention, <u>knowing</u> the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(c) (emphasis added).  As with inducing infringement, contributory infringement requires, as a predicate, that some party committed the entire act of direct infringement.  *See BMC Res.*, 498 F.3d at 1379.  Similarly, the accused infringer's state of mind is an essential element of a contributory infringement claim.  *See id.* at 1381 ("Another form of indirect infringement, contributory infringement under § 271(c), also requires a *mens rea* (knowledge) and is limited to sales of components or materials without substantial noninfringing uses."); *Dynacore*, 363 F.3d at 1273 ("In order to prove vicarious liability for indirect infringement, a

plaintiff who demonstrates direct infringement must also establish that the defendant possessed the requisite knowledge or intent to be held vicariously liable.").

**2.       The Complaint Fails To Allege Facts That, If Proven, Would Show Direct Infringement By Any Third Party Or That Either Defendant Had The Requisite State Of Mind For An Indirect Infringement Claim.**

Plaintiff's factual allegations, even if accepted as true, fail to plausibly show entitlement to relief from either Defendant for inducing infringement or contributory infringement under 35 U.S.C. §§ 271(b) or (c), for at least three reasons, each of which warrants dismissal.

First, the complaint fails to allege direct infringement by any third party, even though such direct infringement is a necessary predicate for claims of inducing infringement and contributory infringement. *See, e.g., BMC Res.*, 498 F.3d at 1379. That failure warrants dismissal of both the inducing infringement and contributory infringement claims:

> ***To the extent [Defendant] seeks dismissal of [Plaintiff's] claims of inducement and contributory infringement on the ground [Plaintiff] has failed to allege direct infringement by a third party, the motion will be granted.*** The only factual allegation in support of such claims is that [Defendant] has made infringing products and then sold those infringing products to third parties. (*See* Compl. ¶ 12). [Plaintiff] fails to allege, however, that any such third party has itself made, used, offered to sell, or sold an infringing product.

*Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, No. C-09-1360 MMC, 2009 WL 1974602 at *1 (N.D. Cal. July 8, 2009) (emphasis added); *see also Ondeo Nalco Co. v. EKA Chems., Inc.*, No. Civ.A.01-537-SLR, 2002 WL 1458853 at *1 (D. Del. June 10, 2002) ("In addition, the pleadings fail to allege direct infringement by a party other than ONDEO Nalco and, therefore, insufficiently plead induced infringement."). Here the complaint does not allege any facts regarding any third parties that would show Plaintiff is entitled to relief.

Second, even if the Court finds that Plaintiff has alleged facts to suggest direct infringement by some third party, the complaint is nonetheless completely devoid of any factual

12

allegations concerning each Defendant's state-of-mind, even though this is an essential element an indirect infringement claim. The lack of factual allegations is not surprising here, given that Plaintiff never notified either Defendant of the alleged infringement before brining suit. But "[i]n order to prove vicarious liability for indirect infringement, a plaintiff who demonstrates direct infringement must also establish that the defendant possessed the requisite knowledge or intent to be held vicariously liable." *Dynacore*, 363 F.3d at 1273; *see also BMC Res.*, 498 F.3d at 1381 ("[I]ndirect liability requires evidence of 'specific intent' to induce infringement. Another form of indirect infringement, contributory infringement under § 271(c), also requires a mens rea (knowledge) and is limited to sales of components or materials without substantial noninfringing uses."). The failure to plead any facts concerning the requisite state-of-mind element is fatal to the complaint. Accordingly, since the complaint fails to allege any state of mind, the complaint should be dismissed for this additional reason. *See, e.g., Iqbal*, 129 S.Ct. at 1952 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic. Yet respondent's complaint does not contain any factual allegation sufficient to plausibly suggest petitioners' discriminatory state of mind. His pleadings thus do not meet the standard necessary to comply with Rule 8."); *Pfizer*, 2008 WL 2736019 at *1 ("Likewise, given the absence of any allegation that [Defendant] was aware or should have been aware of the '688 patent prior to the commencement of this action, the counterclaim fails to allege facts permitting the inference that [Defendant] acted with specific intent to cause direct infringement, an essential element of inducement liability.").

Finally, with respect to contributory infringement pursuant to 35 U.S.C. § 271(c), the complaint lacks any factual allegations whatsoever concerning numerous essential elements. For example, there are no factual allegations concerning any sale or offer for sale of a component

13

"especially made or especially adapted for use in an infringement" or that would suggest that such a component is "not a staple article or commodity of commerce suitable for substantial noninfringing use," as expressly required by 35 U.S.C. § 271(c).  Thus, even if the Court were to find allegations sufficient to support direct infringement and the requisite state of mind, Plaintiff's contributory infringement claim should be dismissed for the failure to plead essential elements.  *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief."); *Anticancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007) (finding a pleading alleging that "[e]ach of the defendants has directly infringed the [ ] Patent and has indirectly infringed the [ ] Patent by contributing to or inducing direct infringements of the [ ] Patent by others" deficient and dismissing infringement claims "[s]ince the Plaintiff has failed to plead any further facts beyond a bare statement of direct and indirect infringement so as to demonstrate a plausible entitlement to relief.").

**D.  To The Extent That The Court Does Not Dismiss Plaintiff's Complaint In Its Entirety, The Court Should Strike Plaintiff's Legally Flawed Assertions Of Infringement And Order A More Definite Statement.**

Plaintiff's complaint also includes legally flawed allegations of infringement that should be stricken pursuant to Fed. R. Civ. P. 12(f) to the extent the Court does not dismiss the action in its entirety.  For example, while Plaintiff alleges infringement based upon "use," Plaintiff additionally alleges infringement based upon "ownership," "operation," and "provision" of cellular networks:

> 8.  As it pertains to this lawsuit, the '933 patent is infringed by Defendants' ownership, operation, use and provision of cellular networks for communicating with cellular telephones in an infringing manner.

14

(Compl. ¶ 8 (emphasis added).)  The Patent Act, however, specifically enumerates the activities that may constitute infringement of a patent, *i.e.*, making, using, offering to sell, selling, or importing a patented invention:

> Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

35 U.S.C. § 271(a) (emphasis added).  Accordingly, even if the accused instrumentality fell within the scope of one or more patent claims, the "ownership," "operation" (to the extent that "operation" means anything different than "use,") and "provision" of that instrumentality does not constitute infringement under any valid legal theory.  35 U.S.C. § 271(a).  Plaintiff's legally baseless assertions to the contrary should thus be stricken pursuant to Fed. R. Civ. P. 12(f).

Additionally, to the extent the Court does not dismiss this action in its entirety, Defendants also respectfully request that the Court order Plaintiff at a minimum to provide a more definite statement of the factual bases for its direct and indirect infringement claims pursuant to Fed. R. Civ. P. 12(e), because the bases for Plaintiff's claims are so vague and ambiguous, as discussed above, that Defendants cannot reasonably prepare a response.  *See, e.g., Bell Atl.*, 550 U.S. at 545 (The purpose of the pleading rules is "to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'") (citations omitted).

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted or, in the alternative, strike Plaintiff's legally flawed infringement claims pursuant to Fed. R. Civ. P. 12(f) and order Plaintiff to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e) setting forth sufficient factual allegations for each infringement claim.

15

Dated:  September 9, 2009                           Respectfully submitted,


                                                   */s/ E. Glenn Thames, Jr.*
                                                   E. Glenn Thames, Jr.
                                                   State Bar No. 00785097
                                                   POTTER MINTON
                                                   A Professional Corporation
                                                   110 N. College Ave., Suite 500
                                                   Tyler, TX 75702
                                                   Tel:  903-597-8311
                                                   Fax:  903-593-0846
                                                   Email:  glennthames@potterminton.com

                                                   *Of Counsel:*

                                                   Jon T. Hohenthaner
                                                   KIRKLAND & ELLIS LLP
                                                   601 Lexington Avenue
                                                   New York, NY 10022-4675
                                                   Tel:  212-446-4800
                                                   Fax:  212-446-4900
                                                   Email:  jon.hohenthaner@kirkland.com

                                                   Garreth A. Sarosi
                                                   State Bar No. 24039373
                                                   MetroPCS Communications, Inc.
                                                   MetroPCS Wireless, Inc.
                                                   2250 Lakeside Boulevard
                                                   Richardson, TX 75082
                                                   Tel:  469-330-4784
                                                   Fax:  866-715-8790
                                                   Email:  gsarosi@metropcs.com

                                                   *Attorneys for Defendants MetroPCS*
                                                   *Communications, Inc. and MetroPCS Wireless, Inc.*

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 9, 2009.  Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.