IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CELLTRACE LLC, § | |
| § | |
| Plaintiff § | |
| § | |
| vs. § | CASE NO. 6:09-CV-371 |
| § | PATENT CASE |
| METROPCS COMMUNICATIONS, § | |
| INC., et al., § | |
| § | |
| Defendants § | |
| § | |
| § | |

**MEMORANDUM OPINION AND ORDER**

Defendants' Motion to Dismiss or, in the alternative, For a More Definite Statement (Docket No. 32) is before the Court. Having considered the parties' written submissions, the Court **DENIES** the motion.

**BACKGROUND**

Celltrace accuses Defendants of infringing U.S. Patent No. 7,551,933, entitled "Telecommunications System." Specifically, in its First Amended Complaint, Celltrace alleges:

> Each Defendant infringes the '933 [patent] by making, using, selling and/or offering to sell a network for communicating with cellular phones, said network comprising base stations and cellular phones, that meets every limitation of at least one claim of the patent-in-suit. For example, this combination meets all of the limitations of at least claim 17 of the '933 patent.
> Upon information and belief, each Defendant has contributed to the infringement of, and/or induced the infringement of, one or more of the claims of the '933 patent (including, at least, claim 17) without Plaintiff's consent or authorization. Such acts of infringement include, but are not limited to, each Defendant's making, using, selling, and/or offering to sell a network for communicating with cellular phones, including both base stations and cellular phones, that meets every limitation of at least one claim of the patent-in-suit. In particular, the Defendants knowingly contribute to the infringement of, and/or induce the infringement of the '933 patent by making, using,

selling, and offering to sell a network comprised of base stations and cellular phones to customers configured to communicate using the messaging scheme recited in claim 17 of the '933 patent.

Defendants contend that Celltrace's complaint does not contain adequate facts to plausibly state a claim for relief under Rule 8 and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50, 1953 (2009).

## APPLICABLE LAW

Regional circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but a plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555–56, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50, 1953 (2009) (discussing *Twombly* and applying *Twombly* generally to civil actions pleaded under Rule 8). "Determining whether the complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Under Rule 84, "[t]he forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." FED. R. CIV. P. 84. Form 18 provides a sample complaint for patent infringement and does not require extensive factual pleading:

> (Caption—See Form 1.)
> 1. (Statement of Jurisdiction--See Form 7.)
> 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
> Therefore, the plaintiff demands:
> (a) a preliminary and final injunction against the continuing infringement;
> (b) an accounting for damages; and
> (c) interest and costs.
> (Date and sign—See Form 2.)

FED. R. CIV. P. Form 18 (2007); *see also McZeal*, 501 F.3d at 1356–57 (describing the requirements of the 2006 form, then Form 16).

The Supreme Court's decisions in *Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18. To hold otherwise would render Rule 84 and Form 18 invalid. This cannot be the case. *See Twombly*, 550 U.S. at 569 n.14 (acknowledging that altering the Federal Rules of Civil Procedure cannot be accomplished by judicial interpretation); *McZeal*, 501 F. at 1360 (Dyk, J., concurring-in-part and dissenting-in-part) ("I agree that under Rule 84 of the Federal Rules of Civil Procedure, we would be required to find that a bare allegation of literal infringement in accordance with Form 16 would be sufficient under Rule 8 to state a claim. One can only hope that the rulemaking process will eventually result in eliminating the form, or at least in revising it to require allegations specifying which claims are infringed, and the features of the accused device that correspond to the claim limitations.") (footnote omitted); *see also Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374 at *2 (N.D. Cal. Sept. 14, 2009) ("It is not easy to reconcile Form 18 with the guidance of the Supreme Court in *Twombly* and *Iqbal* . . . . Under Rule 84 of the Federal Rules of Civil Procedure, however, a court must accept as sufficient any pleading made in

conformance with the forms."). *But see Colida v. Nokia, Inc.*, 347 Fed. Appx. 568 (Fed. Cir. 2009) (unpublished) (in dicta, questioning the viability of Form 18).

Thus, a patent complaint that complies with Form 18 will suffice to state a claim that is plausible on its face. *See* FED. R. CIV. P. 84.  However, a complaint that does not perfectly comply with Form 18 may still suffice to state a claim that is plausible on its face.  The Court determines whether the complaint states a plausible claim for relief by examining the complaint in context and relying on the Court's own judicial experience and common sense.  *Iqbal*, 129 S. Ct. at 1950.

## ANALYSIS

Defendants are inherently arguing that they do not directly infringe because neither Defendant makes, uses, sells, offers for sale, or imports the entire accused instrumentality and therefore Celltrace has not alleged sufficient facts to state a claim that is plausible on its face.  The contention that Defendants do not infringe is premature as it is made before the Court has construed the claim limitations.  Celltrace's direct infringement allegations comply with the example set forth in Form 18 and therefore satisfy Rule 8.  *See* FED. R. CIV. P. 84.

Defendants also contend that Celltrace's indirect infringement claims are inadequate. Defendants contend that Celltrace has failed to allege direct infringement by a third-party and failed to include factual allegations concerning each Defendants' state-of-mind, necessary elements to indirect infringement claims.

Form 18 does not address indirect infringement claims, and courts are split on whether a direct infringer must be at least generically identified.  *Compare PA Advisors v. Google Inc.*, 2008 WL 4136426 at *8 (E.D. Tex. Aug. 8, 2008)(Folsom, J.) (granting a motion for more definite statement requiring the plaintiff to at least generically identify the end user) *with Fotomedia Techs., LLC v. AOL, LLC*, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) (Everingham, Mag.) (denying

4

motion to dismiss indirect infringement because neither the sample complaint form nor the Federal Circuit require pleading every element of a claim for indirect infringement).

Celltrace's indirect infringement claims are adequate. Celltrace identifies the alleged direct infringers as Defendants' customers. Celltrace has identified the accused instrumentalities. Celltrace's claims are plausible without further factual specificity and further facts are not required. Rule 8 does not require detailed factual support for each element of indirect infringement. *See PA Advisors*, 2008 WL 4136426 at *8 (requiring only the pleading of direct infringers and not other "material elements"); *Fotomedia Techs., LLC v. AOL, LLC*, 2008 WL 4135906.

## CONCLUSION

For the reasons given, the Court **DENIES** the motion. The Court notes that much of the parties' briefing discussed what had been alleged in Celltrace's original complaint and arguments Defendants had made in their first motion to dismiss. The original complaint is no longer the operative pleading before the Court, and likewise the first motion to dismiss is not currently before the Court. It is early in this case, yet the parties' tone has already become somewhat acrimonious. The Court strongly encourages both sides to consult their local counsel for this Court's high expectations regarding collegiality.

**So ORDERED and SIGNED this 29th day of March, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**