**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CELLTRACE LLC | Civil Action No. 6:09-cv-371-LED |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| METROPCS COMMUNICATIONS, INC. and METROPCS WIRELESS, INC., | |
| Defendants and Counterclaim Plaintiffs. | |
| METROPCS COMMUNICATIONS, INC. and METROPCS WIRELESS, INC., | |
| Counterclaim Plaintiffs, | |
| v. | |
| CELLTRACE LLC, ACACIA PATENT ACQUISITION, LLC, and ACACIA RESEARCH CORPORATION, | |
| Counterclaim Defendants. | |

**COUNTERCLAIM DEFENDANTS ACACIA PATENT ACQUISITION LLC AND
ACACIA RESEARCH CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES
TO METROPCS WIRELESS, INC.'S COUNTERCLAIM**

Counterclaim-Defendants Acacia Patent Acquisition LLC and Acacia Research

Corporation (collectively, the "Acacia Entities"), hereby respond to MetroPCS Wireless, Inc.'s

("MetroPCS") Counterclaims (Docket no. 58) (the "Counterclaims") as follows:

**The Parties**

39.     The Acacia Entities are without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Counterclaims

and on that basis deny each and every allegation contained therein.

DOCSOC/1405194v1/101022-0028

Case 6:09-cv-00371-LED-JDL   Document 79   Filed 04/21/10   Page 2 of 18 PageID #: 440

40.     The Acacia Entities admit that Celltrace LLC is a company organized and existing under the laws of the State of Texas with a principal place of business at 500 Newport Center Drive, 7th floor, Newport Beach, California 92660.

41.     The Acacia Entities admit that Acacia Patent Acquisition LLC is a company organized and existing under the laws of the State of Delaware with a principal place of business at 500 Newport Center Drive, 7th floor, Newport Beach, California 92660.

42.     The Acacia Entities admit that Acacia Research Corporation is a company organized and existing under the laws of the State of Delaware with a principal place of business at 500 Newport Center Drive, 7th floor, Newport Beach, California 92660.

<strong><u>Jurisdiction and Venue</u></strong>

43.     The Acacia Entities admit that MetroPCS purports to base federal jurisdiction for Counterclaim Counts I, II and II on the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and 28 U.S.C. §§ 1331 and 1338.  However, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Counterclaims and on that basis deny each and every allegation contained therein.

44.     The Acacia Entities admit that MetroPCS purports to base federal jurisdiction for Counterclaim Count IV on 28 U.S.C. §§ 1331, 1337(a), and 1367.  However, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of the Counterclaims and on that basis deny each and every allegation contained therein.

45.     The Acacia Entities admit that MetroPCS purports to base federal jurisdiction for Counterclaim Count V on 28 U.S.C. §§ 1338(b) and 1367.  However, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of the Counterclaims and on that basis deny each and every allegation contained therein.

2

DOCSOC/1405194v1/101022-0028

46.     The Acacia Entities admit that venue is proper in this District.  Except as stated, the Acacia Entities deny the allegations in Paragraph 46 of the Counterclaims.

### Relationship Between Celltrace And Acacia

47.     The Acacia Entities admit the allegations in Paragraph 47 of the Counterclaims.

48.     The Acacia Entities admit the allegations in Paragraph 48 of the Counterclaims.

49.     The Acacia Entities admit that certain but not all of the officers and board members of Celltrace LLC also serve as officers or board members of the Acacia Entities. Except as stated, the Acacia Entities deny the allegations contained in Paragraph 49 of the Counterclaims.

50.     The Acacia Entities deny the allegations contained in Paragraph 50 of the Counterclaims.

51.     The Acacia Entities admit the allegations in Paragraph 51 of the Counterclaims.

52.     The Acacia Entities admit the allegations in Paragraph 52 of the Counterclaims.

53.     The Acacia Entities admit the allegations in Paragraph 53 of the Counterclaims.

54.     The Acacia Entities admit the allegations in Paragraph 54 of the Counterclaims.

55.     The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of the Counterclaims and on that basis deny each and every allegation contained therein.

56.     The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 of the Counterclaims and on that basis deny each and every allegation contained therein.

57.     The Acacia Entities deny the allegations contained in Paragraph 57 of the Counterclaims.

58.     The Acacia Entities are without knowledge or information sufficient to form a belief as whether Celltrace manufactures or sells products and on that basis deny this allegation. The Acacia Entities admit the remaining allegations in Paragraph 58 of the Counterclaims.

DOCSOC/1405194v1/101022-0028

59.     The Acacia Entities deny the allegations contained in Paragraph 59 of the Counterclaims.

60.     The Acacia Entities deny the allegations that any of the entities listed in Paragraph 60 of the Counterclaims are controlled by the Acacia Entities.  The Acacia Entities admit that the entities listed in subpart (a) through (v) of Paragraph 60 of the Counterclaims are subsidiaries of Acacia Patent Acquisition LLC.

61.     The Acacia Entities deny the allegations that any of the entities involved in the litigations listed in Paragraph 61 of the Counterclaims are controlled by the Acacia Entities.  The Acacia Entities admit that the actions listed in subpart (a) through (i) of Paragraph 61 of the Counterclaims were initiated by subsidiaries of Acacia Patent Acquisition LLC.

62.     The Acacia Entities deny the allegations contained in Paragraph 62 of the Counterclaims.

63.     The Acacia Entities deny the allegations contained in Paragraph 63 of the Counterclaims.

**COUNT I**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '933 PATENT**

64.     The Acacia Entities repeat, re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 39 to 63 of the Counterclaims as if set forth at length herein.

65.     The Acacia Entities deny that they have any right, title or interest in U.S. Patent No, 7,551,933 ("the '933 Patent") and, therefore, Paragraph 65 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 of the Counterclaims and on that basis deny each and every allegation contained therein.

66.     The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 66 of the Counterclaims does not state a claim as to the Acacia

4

Entities.  The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66 of the Counterclaims and on that basis deny each and every allegation contained therein.

67.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 67 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 of the Counterclaims and on that basis deny each and every allegation contained therein.

68.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 68 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 68 of the Counterclaims and on that basis deny each and every allegation contained therein.

**COUNT II**

**<u>DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '933 PATENT</u>**

69.    The Acacia Entities repeat, re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 39 to 68 of the Counterclaims as if set forth at length herein.

70.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 70 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 of the Counterclaims and on that basis deny each and every allegation contained therein.

71.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 71 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities are without knowledge or information sufficient to form a belief as

5

to the truth or falsity of the allegations contained in Paragraph 71 of the Counterclaims and on that basis deny each and every allegation contained therein.

72.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 72 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 72 of the Counterclaims and on that basis deny each and every allegation contained therein.

73.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 73 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 73 of the Counterclaims and on that basis deny each and every allegation contained therein.

74.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 74 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 74 of the Counterclaims and on that basis deny each and every allegation contained therein.

75.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 75 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 75 of the Counterclaims and on that basis deny each and every allegation contained therein.

76.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 76 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 76 of the Counterclaims and on that basis deny each and every allegation contained therein.

DOCSOC/1405194v1/101022-0028

## COUNT III

## <u>DECLARATORY JUDGMENT OF INVALIDITY OF THE '933 PATENT</u>

77. The Acacia Entities repeat, re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 39 to 76 of the Counterclaims as if set forth at length herein.

78. The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 78 of the Counterclaims does not state a claim as to the Acacia Entities. The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 78 of the Counterclaims and on that basis deny each and every allegation contained therein.

79. The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 79 of the Counterclaims does not state a claim as to the Acacia Entities. The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 79 of the Counterclaims and on that basis deny each and every allegation contained therein.

80. The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 80 of the Counterclaims does not state a claim as to the Acacia Entities. The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 80 of the Counterclaims and on that basis deny each and every allegation contained therein.

81. The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 81 of the Counterclaims does not state a claim as to the Acacia Entities. The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 81 of the Counterclaims and on that basis deny each and every allegation contained therein.

DOCSOC/1405194v1/101022-0028

**COUNT IV**

**<u>ATTEMPTED MONOPOLIZATION</u>**

82.    The Acacia Entities repeat, re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 39 to 81 of the Counterclaims as if set forth at length herein.

83.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 83 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 83 of the Counterclaims and on that basis deny each and every allegation contained therein.

84.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 84 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities deny the allegations contained in Paragraph 84 of the Counterclaims to the extent they allege actions taken by the Acacia Entities.  Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 84 of the Counterclaims and on that basis deny each and every allegation contained therein.

85.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 85 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities deny the allegations contained in Paragraph 85 of the Counterclaims to the extent they allege actions taken by the Acacia Entities.  Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 85 of the Counterclaims and on that basis deny each and every allegation contained therein.

86.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 86 of the Counterclaims does not state a claim as to the Acacia Entities The Acacia Entities deny the allegations contained in Paragraph 86 of the Counterclaims

8

to the extent they allege actions taken by the Acacia Entities. Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 86 of the Counterclaims and on that basis deny each and every allegation contained therein.

87. The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 87 of the Counterclaims does not state a claim as to the Acacia Entities. The Acacia Entities deny the allegations contained in Paragraph 87 of the Counterclaims to the extent they allege actions taken by the Acacia Entities. Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 87 of the Counterclaims and on that basis deny each and every allegation contained therein.

88. The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 88 of the Counterclaims does not state a claim as to the Acacia Entities. The Acacia Entities deny the allegations contained in Paragraph 88 of the Counterclaims to the extent they allege actions taken by the Acacia Entities. Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 88 of the Counterclaims and on that basis deny each and every allegation contained therein.

89. The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 89 of the Counterclaims does not state a claim as to the Acacia Entities. The Acacia Entities deny the allegations contained in Paragraph 89 of the Counterclaims to the extent they allege actions taken by the Acacia Entities. Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 89 of the Counterclaims and on that basis deny each and every allegation contained therein.

90. The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 90 of the Counterclaims does not state a claim as to the Acacia

DOCSOC/1405194v1/101022-0028

Entities.  The Acacia Entities deny the allegations contained in Paragraph 90 of the Counterclaims to the extent they allege actions taken by the Acacia Entities.  Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 90 of the Counterclaims and on that basis deny each and every allegation contained therein.

91.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 91 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 91 of the Counterclaims and on that basis deny each and every allegation contained therein.

92.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 92 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 92 of the Counterclaims and on that basis deny each and every allegation contained therein.

93.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 93 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities deny the allegations contained in Paragraph 93 of the Counterclaims to the extent they allege actions taken by the Acacia Entities.  Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 93 of the Counterclaims and on that basis deny each and every allegation contained therein.

94.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 94 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities deny the allegations contained in Paragraph 94 of the Counterclaims to the extent they allege actions taken by the Acacia Entities.  Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in Paragraph 94 of the Counterclaims and on that basis deny each and every allegation contained therein.

95.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 95 of the Counterclaims does not state a claim as to the Acacia Entities. The Acacia Entities deny the allegations contained in Paragraph 95 of the Counterclaims to the extent they allege actions taken by the Acacia Entities. Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 95 of the Counterclaims and on that basis deny each and every allegation contained therein.

96.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 96 of the Counterclaims does not state a claim as to the Acacia Entities. The Acacia Entities deny the allegations contained in Paragraph 96 of the Counterclaims to the extent they allege actions taken by the Acacia Entities. Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 96 of the Counterclaims and on that basis deny each and every allegation contained therein.

97.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 97 of the Counterclaims does not state a claim as to the Acacia Entities. The Acacia Entities deny the allegations contained in Paragraph 97 of the Counterclaims to the extent they allege actions taken by the Acacia Entities. Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 97 of the Counterclaims and on that basis deny each and every allegation contained therein.

98.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 98 of the Counterclaims does not state a claim as to the Acacia Entities. The Acacia Entities deny the allegations contained in Paragraph 98 of the Counterclaims to the extent they allege actions taken by the Acacia Entities. Otherwise, the

11

Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 98 of the Counterclaims and on that basis deny each and every allegation contained therein.

99. The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 99 of the Counterclaims does not state a claim as to the Acacia Entities. The Acacia Entities deny the allegations contained in Paragraph 99 of the Counterclaims to the extent they allege actions taken by the Acacia Entities. Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 99 of the Counterclaims and on that basis deny each and every allegation contained therein.

100. The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 100 of the Counterclaims does not state a claim as to the Acacia Entities. The Acacia Entities deny the allegations contained in Paragraph 100 of the Counterclaims to the extent they allege actions taken by the Acacia Entities. Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 100 of the Counterclaims and on that basis deny each and every allegation contained therein.

101. The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 101 of the Counterclaims does not state a claim as to the Acacia Entities. The Acacia Entities deny the allegations contained in Paragraph 101 of the Counterclaims to the extent they allege actions taken by the Acacia Entities. Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 101 of the Counterclaims and on that basis deny each and every allegation contained therein.

DOCSOC/1405194v1/101022-0028

## COUNT IV

## UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS &

## PROFESSIONS CODE §§17200 *et seq.*

102.    The Acacia Entities repeat, re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 39 to 101 of the Counterclaims as if set forth at length herein.

103.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 103 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 103 of the Counterclaims and on that basis deny each and every allegation contained therein.

104.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 104 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities deny the allegations contained in Paragraph 104 of the Counterclaims to the extent they allege actions taken by the Acacia Entities.  Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 104 of the Counterclaims and on that basis deny each and every allegation contained therein.

105.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 105 of the Counterclaims does not state a claim as to the Acacia Entities.  The Acacia Entities deny the allegations contained in Paragraph 105 of the Counterclaims to the extent they allege actions taken by the Acacia Entities.  Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 105 of the Counterclaims and on that basis deny each and every allegation contained therein.

106.    The Acacia Entities deny that they have any right, title or interest in the '933 Patent and, therefore, Paragraph 106 of the Counterclaims does not state a claim as to the Acacia

13

Entities. The Acacia Entities deny the allegations contained in Paragraph 106 of the Counterclaims to the extent they allege actions taken by the Acacia Entities. Otherwise, the Acacia Entities are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 106 of the Counterclaims and on that basis deny each and every allegation contained therein.

## ANSWER TO PRAYER

107. The Acacia Entities deny that MetroPCS is entitled to the relief sought in Paragraphs A-K of its "Prayer for Relief."

## AFFIRMATIVE DEFENSES

The Acacia Entities further assert the following affirmative defenses upon information and belief:

### First Affirmative Defense
(*Failure to State a Claim*)

108. MetroPCS' Counterclaims fail to state a claim upon which relief may be granted as the Acacia Entities have no right, title or interest in the '933 Patent.

### Second Affirmative Defense
(*Lack of Subject Matter Jurisdiction*)

109. This Court lacks subject matter jurisdiction over MetroPCS' claims for relief against the Acacia Entities. MetroPCS' claims for relief against the Acacia Entities do not arise under the patent laws of the United States as none of the Acacia Entities owns any right, title or interest in U.S. 933 Patent. Therefore, this Court does not have subject matter jurisdiction pursuant to Title 35 of the United States Code, 28 U.S.C. §§ 1331 and 1338 or the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

### Third Affirmative Defense
(*Uncertain*)

110. MetroPCS' Counterclaims are barred, in whole or in part, because they are uncertain.

14

### Fourth Affirmative Defense
(*Separate Corporate Entity*)

111.    MetroPCS' Counterclaims are barred, in whole or in part, because Acacia Research Corporation and Acacia Patent Acquisition LLC are each separate and distinct legal entities from Plaintiff Celltrace LLC.

### Fifth Affirmative Defense
(*Laches*)

112.    MetroPCS' Counterclaims are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense
(*Waiver*)

113.    MetroPCS' Counterclaims are barred, in whole or in part, by the doctrine of waiver.

### Seventh Affirmative Defense
(*Estoppel*)

114.    MetroPCS' Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### Eighth Affirmative Defense
(*Unclean Hands*)

115.    MetroPCS' Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### Ninth Affirmative Defense
(*Misjoinder*)

116.    MetroPCS' Counterclaims improperly attempt to join Acacia Research Corporation and Acacia Patent Acquisition LLC, who are not proper counterclaim defendants in this action.

### Tenth Affirmative Defense
(*Intervening Cause*)

117.    MetroPCS' Counterclaims are barred, in whole or in part, as against the Acacia Entities as a result of intervening cause(s).

15

## Eleventh Affirmative Defense
(*Indemnity*)

118. Under the principles of contribution and indemnity, persons or entities other than the Acacia Entities are wholly or partially responsible for the purported damages, if any, that MetroPCS alleges it has sustained.

## Twelfth Affirmative Defense
(*Unjust Enrichment*)

119. MetroPCS' Counterclaims are barred, in whole or in part, because MetroPCS' claims would result in its unjust enrichment.

## Thirteenth Affirmative Defense
(*No Causation*)

120. MetroPCS' Counterclaims are barred, in whole or in part, because any loss or damage MicroStrategy suffered was not caused by any act or omission on the part of any of the Acacia Entities.

## Fourteenth Affirmative Defense
(*Failure to Mitigate Damages*)

121. MetroPCS' Counterclaims are barred, in whole or in part, by MetroPCS' failure to mitigate its damages.

## Fifteenth Affirmative Defense
(*Good Faith and Reasonable Care*)

122. The Acacia Entities exercised good faith and reasonable care as to the matters alleged in MetroPCS' Counterclaims and had no knowledge of wrongdoing in connection with MetroPCS.

## Sixteenth Affirmative Defense
(*No Material Assistance in Any Wrongdoing*)

123. The Acacia Entities did not substantially or materially assist or otherwise participate in any alleged wrongful activity relating to MicroStrategy.

16

## Seventeenth Affirmative Defense

(*No Waiver of Defenses*)

124.   None of the Acacia Entities has knowingly or voluntarily waived any applicable affirmative defense, and each reserves the right to assert and rely upon such other applicable affirmative defenses as may become available or apparent during discovery and investigation.

## PRAYER FOR RELIEF

WHEREFORE, the Acacia Entities pray for the following relief on their Answer to MetroPCS' Counterclaims:

a.   That MetroPCS take nothing by its Counterclaims, and that they be dismissed with prejudice;

b.   An award of the Acacia Entities' reasonable attorneys' fees pursuant to 35 U.S.C. § 285 in that this is an exceptional case in that none of the Acacia Entities has a right, title or interest in the patents-in-suit;

c.   An award of the Acacia Entities' costs, expenses and attorneys' fees pursuant to 28 U.S.C. §1927;

d.   The Acacia Entities' costs of suit herein; and

e.   Such other and further relief as this Court deems just and proper.

DATED:  April 21, 2010

Respectfully submitted,

By: /s/ John J. Little

John J. Little
Tex. Bar No. 12424230
Megan K. Dredla
Tex. Bar. No. 24050530
LITTLE PEDERSEN FANKHAUSER, L.L.P.
901 Main Street Suite 4110
Dallas, TX 75202
(214) 573-2300 (Phone)
(214) 573-2323 (Fax)
Email: jlittle@lpf-law.com
mdredla@lpf-law.com

17

DOCSOC/1405194v1/101022-0028

Marc J. Schneider
(admitted *pro hac vice*)
Matthew T. Montgomery
(admitted *pro hac vice*)
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Ste. 1600
Newport Beach, CA  92660
Tel:     949-725-4000
Fax:     949-725-4100
Email:  mschneider@sycr.com
            mmontgomery@sycr.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 21, 2010.  Any other counsel of record will be served by First Class U.S. mail on this same date.

\_\_\_\_\_/s/ John J. Little_____
John J. Little

18

DOCSOC/1405194v1/101022-0028